## Orlando v. Orlando

*Gray, Anderson, Schaffer & Rome,* for plaintiff.
*William Bruno,* for defendant.

REIMEL, J., April 13, 1954.—On October 27, 1953, plaintiff filed his complaint in equity for an accounting. Preliminary objections to the complaint were dismissed by Smith, P. J., on December 22, 1953. Defendant's answer and counterclaim were filed on January 12, 1954, and the preliminary objection to the counterclaim was sustained on January 25, 1954, by Smith, P. J. Defendant's motion for a judgment on the pleadings was discharged by agreement on February 11, 1954, and the matter was heard on March 1, 1954. This adjudication involves a determination of the respective interests of the parties in a certain piece of real estate.

From the stipulated facts introduced at the hearing the court makes the following

### Findings of Fact

1. On or before March 8, 1950, plaintiff and defendant, then husband and wife, owned the premises 1816 East Passyunk Avenue, Philadelphia, Pa. (hereinafter referred to as the property) as tenants by the entireties. The property includes living quarters and a store.

2. On March 8, 1950, plaintiff and defendant conveyed the property to themselves as trustees.

3. Under the terms of this deed of trust plaintiff and defendant are entitled to the joint use of the property for and during the terms of their joint lives.

4. On February 1, 1951, the parties separated. Plaintiff withdrew from the property and defendant

has continued to occupy the same both as a home for herself and a minor child and as a place of business.

5. On March 10, 1952, plaintiff and defendant were divorced.

6. On March 11, 1952, plaintiff and defendant reconveyed the property to themselves as tenants in common, and although they presently hold title to the property in that right, there is evidence that defendant is contesting the validity of this conveyance in another court.

7. The fair rental value of the property is $150 per month for both the store and the dwelling.

8. Demand has been made upon defendant for an accounting, but no payment or accounting has ever been rendered to plaintiff by defendant either as trustee or tenant in common from February 1, 1951, to the present time.

9. Defendant has expended the sum of $410.48 for maintenance and taxes.

10. All of plaintiff's requests for findings of fact are affirmed except numbers 8, 17, 18, 19 and 20. Defendant's requests for findings of fact are all affirmed without exception.

## Discussion

This is a controversy involving rights in property originally held by the parties as tenants by the entireties. Prior to March 8, 1950, the husband, wife and child lived therein and they operated a store which was a part thereof. On March 8, 1950, the husband and wife, plaintiff and defendant herein, conveyed the property to themselves as trustees under a deed of trust. Due to a separation the husband left the property on February 1, 1951. Defendant and her child have continued to occupy the entire property, and she continues to conduct a business in the store. The parties were divorced March 10, 1952, and on March

11, 1952, they, as trustees, reconveyed the property to themselves as tenants in common. They presently hold the property in that right.

Plaintiff filed his complaint in equity to compel an accounting under the deed of trust, and he further alleges that since equity has taken jurisdiction of this matter by virtue of the deed of trust that his rights as a tenant in common should also be adjudicated.

An analysis of the relationship between the parties from and after March 8, 1950, will disclose that plaintiff's complaint in equity should be dismissed.

On March 8, 1950, the parties, as legal owners of the property here in dispute, conveyed the legal title to themselves as trustees for themselves as life tenants. The deed of trust also vested a broad discretionary power in the trustees to convey the property.

We hold that the separation of legal and equitable title under the deed of trust is at best illusory in its nature. In this case the settlors, trustees and the cestuis que trust are in fact the same persons. Furthermore they are husband and wife. Because of the identity of the parties we hold that there was a complete lack of obligation and therefore the trust as between them is invalid. Furthermore the trust is invalid by operation of the doctrine of merger which, under the facts in the instant case, revests the legal title in the parties.

Because of the foregoing reasons we hold that the deed of trust as between the parties was a nullity. The conclusion necessarily follows that the parties continued to hold the property prior to their divorce on March 10, 1952, as tenants by the entireties—each being seized of the whole estate and entitled to possession thereof. Plaintiff's prayer for an accounting by defendant for the use and occupancy of the property during the period in which the marriage was still in existence is denied, especially since no rental was ever

collected by defendant. We also refuse the prayer for an accounting on the ground that the marriage relationship, while it exists, involving the basic contract between the parties, should be given first consideration.

After the divorce the parties presumably are tenants in common and so far as the rents of the real estate are concerned plaintiff, if entitled to recover, may do so in an action at law under the Act of June 24, 1895, P. L. 237, 68 PS §101.

We, therefore, hold that there is no enforcible obligation between the parties prior to the date of divorce and plaintiff is relegated to pursue his remedy at law for any rights which have accrued to him subsequent to the date of divorce.

### Conclusions of Law

1. The parties are not properly before this court.

2. Plaintiff is not entitled to an accounting during the period in which the marriage was still in existence.

3. This court, sitting in equity, is without jurisdiction to entertain a prayer for an accounting for rent between tenants in common (the period from March 11, 1952, to the present) of real estate since any action therefor must be at law.

4. All of plaintiff's requests for conclusions of law are denied, and all of defendant's requests, except number 2, are affirmed.

### Decree Nisi

And now, to wit, April 13, 1954, upon consideration of the foregoing matter, it is ordered, adjudged and decreed that the complaint in the above-captioned matter be dismissed.

The prothonotary will enter this decree nisi and give notice thereof to the parties, or their attorneys, and unless exceptions thereto are filed within 20 days, the prothonotary is directed to enter this decree as a final decree.